JS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED
JAN 1 4 2009
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

| LARRY HERRING<br>545 Christian Street, 1st Floor<br>Philadelphia, PA  19147<br>    Plaintiff<br>vs.<br><br>NELSON, WATSON &<br>ASSOCIATES, LLC<br>Attn:  George H. Nelson, III,<br>Chief Executive Officer<br>80 Merrimack Street, Lower Level<br>Haverhill, MA  01830<br><br>P.O. Box 1299<br>Haverhill, MA  01832<br>    Defendant | CIVIL ACTION<br><br>NO.<br><br>09  0180 |
|---|---|

## COMPLAINT

**I.   INTRODUCTION**

This is an action arising under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA").  Defendant is a debt collector who, in the process of attempting to collect a debt, made numerous false representations and threats to the Plaintiff including the threat to have a judgment put on the Plaintiff's account.  Defendant also made unauthorized withdrawals from Plaintiff's bank account.  A debt collector may not engage in conduct the natural consequence of which is to harass or abuse any person; may not use false, deceptive, or misleading representations or means in connection with the collection of any debt; and may not use unfair or unconscionable means to collect a debt.  Defendant is strictly liable therefor.

1

## II. PARTIES

1. Plaintiff is Larry Herring. Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania who resides at 545 Christian Street, 1st Floor, Philadelphia, Pennsylvania, 19147. Plaintiff has been a resident of Philadelphia County, Pennsylvania at all times relevant hereto.

2. Defendant is Nelson, Watson & Associates, LLC. The Defendant has an office for the regular transaction of business at the address captioned. Defendant is believed to be a Massachusetts limited liability company that does business in the Commonwealth of Pennsylvania and engages in the business of debt collection in the Commonwealth of Pennsylvania.

3. Defendant has attempted to collect debts from residents of the Commonwealth of Pennsylvania, including specifically the debt alleged due and owing by the Plaintiff.

4. Defendant regularly engages in the collection of consumer debts by the use of mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due another.

5. Defendant is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. §1692a(6).

## III. JURISDICTION

6. Jurisdiction arises under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692k and 28 U.S.C. §1337; and pursuant to 28 U.S.C. § 1367 for pendent state law claims, if any.

2

## IV. STATEMENT OF CLAIM

7. On or about February 2008, the Plaintiff began making monthly payments by electronic check in the amount of $217.89 to the Defendant on account of a debt the Plaintiff allegedly owed to LVNV Funding.

8. On or about October 2008, the Plaintiff contacted the Defendant and spoke with an individual named "Cliff Woods." Plaintiff advised Mr. Woods that he was unable to make his scheduled payment on October 31, 2008. After some argument by Mr. Woods, Mr. Woods agreed to skip the October 2008 payment of $217.89 and accept a double payment of $435.78 in November 2008.

9. Defendant mailed Plaintiff a letter dated November 19, 2008 acknowledging that a payment of $435.78 would be withdrawn from Plaintiff's bank account on November 28, 2008. A true and correct copy of the November 19, 2008 correspondence is attached hereto and incorporated herein as Exhibit "A," redacted per local rule.

10. Defendant mailed Plaintiff a second letter dated November 20, 2008 acknowledging that a payment of $435.78 would be withdrawn from Plaintiff's bank account on November 28, 2008. A true and correct copy of the November 20, 2008 correspondence is attached hereto and incorporated herein as Exhibit "B," redacted per local rule.

11. On November 28, 2008, Defendant withdrew $435.78 from the Plaintiff's bank account as agreed. On that same date, Defendant withdrew an additional $217.89 from Plaintiff's bank account without authorization from or notice to the Plaintiff.

12. The unauthorized withdrawal by the Defendant from the Plaintiff's bank account caused the Plaintiff's bank account to be overdrawn and caused the Plaintiff to incur overdraft fees and other charges.

13. On November 28, 2008, the Plaintiff telephoned the Defendant regarding the unauthorized withdrawal from the Plaintiff's bank account. Plaintiff spoke with "Monica," believed to be an agent and/or employee of the Defendant, who identified herself to the Plaintiff as a manager/supervisor. During this conversation, the following statements were made:

    a. Plaintiff notified Monica of the unauthorized deduction from his bank account;

    b. Monica told Plaintiff that he called too late in October 2008 for the October withdrawal to be stopped and that the unauthorized withdrawal was for the October 2008 payment;

    c. Plaintiff advised Monica that the unauthorized withdrawal was not for the October payment as evidenced by the fact that no withdrawal was made on October 31, 2008;

    d. Monica advised the Plaintiff that he had to prove that the withdrawal on November 28, 2008 was unauthorized and provided the Plaintiff with a fax number.

14. On November 8, 2008, Plaintiff attempted to fax bank account documents to the fax number Monica provided to him but was unable to complete the fax transmission due to a busy signal on the receiver's end. Plaintiff called the Defendant back two times during which the following occurred:

4

      a.      On the first return call, Plaintiff spoke with "Joseph," believed to be an agent and/or employee of the Defendant. Plaintiff asked Joseph if he could speak with Monica whereupon Plaintiff was advised that Monica was at lunch. Plaintiff requested a fax number and Joseph refused to provide a fax number, advised Plaintiff that no one was in the office, and hung up on the Plaintiff.

      b.      On the second return call, Plaintiff spoke with "Kevin," believed to be an agent and/or employee of the Defendant. Kevin provided the Plaintiff with a second fax number.

15.      On November 28, 2008, after faxing the requested bank documents to the Defendant, Plaintiff called Monica to confirm that she received the fax and to determine when the funds would be returned to the Plaintiff during which the following conversation occurred:

      a.      Monica advised Plaintiff that she was in meetings and was not able to review her emails or faxes;

      b.      Monica advised Plaintiff that she needed 45 minutes to review the fax and return the Plaintiff's call; and

      c.      Plaintiff agreed to wait 45 minutes for a return call from Monica.

16.      On November 28, 2008, 45 minutes after the telephone call referenced in paragraph 15, Plaintiff did not hear back from Monica and, thus, called the Defendant. At this time, Plaintiff spoke with an unidentified agent and/or employee of the Defendant whereupon the following representations were made by the Defendant:

      a.      That Monica was in meetings and not available;

      b.      That they [the Defendant] did see the mistake; and

  c. That they [the Defendant] would be putting the money back into the Plaintiff's bank account.

17. On December 1, 2008, having heard nothing from the Defendant and having not received a refund of the unauthorized fund withdrawal from the Defendant, Plaintiff called the Defendant. Plaintiff spoke with Monica, believed to be an agent and/or employee of the Defendant, whereupon the following representations were made:

  a. Monica advised Plaintiff that she received the Plaintiff's fax and that she did see the mistake;

  b. Monica advised Plaintiff that she sent a request to Defendant's finance department to return the money to the Plaintiff;

  c. Monica advised the Plaintiff that she did not know how long it would take to return the funds to the Plaintiff;

  d. Plaintiff advised Monica that his account was overdrawn as a result of the unauthorized withdrawal and that Plaintiff was charged overdraft fees and that Plaintiff needed a date certain on which the Defendant would return the funds it withdrew from his bank account without authorization;

  e. Monica advised the Plaintiff that there was nothing she could do regarding the overdraft fees on the Plaintiff's bank account and that she did not have time to argue with the Plaintiff, and hung up on the Plaintiff.

18. On December 4, 2008, "Deanna Moore," believed to be an agent and/or employee of the Defendant called the Plaintiff whereupon the following representations were made:

  a. That she was calling to settle the balance of the Plaintiff's account;

  b. That she could no longer accept the regularly scheduled payments from the Plaintiff on the account;

  c. That the Plaintiff reneged on his agreement to pay his debt by telling the Defendant they could no longer take money out of the Plaintiff's account;

  d. Plaintiff told Deanna that he made an appeal to his bank regarding the unauthorized withdrawal by the Defendant from his bank account;

  e. Deanna told Plaintiff that he could not do that, that there was nothing the bank could do, and that the bank could not dispute the withdrawal and the Defendant could not give the Plaintiff a refund;

  f. Deanna told Plaintiff they were mailing him a check;

  g. Deanna told Plaintiff he was committing fraud by requesting a refund from Defendant and filing an appeal with his bank;

  h. Deanna told Plaintiff that she was going to "just file a judgment against you [Plaintiff];

  i. Deanna told Plaintiff that he was not the only person they were handling, that he is not top priority on their list [to provide a refund of the unauthorized withdrawal of funds], and that the paperwork was sitting getting ready to be sent to their [Defendant's] finance department; and

  j. Deanna continued to argue with and to belittle the Plaintiff at which point the Plaintiff ended the call.

  19. On December 8, 2008, the Defendant mailed a letter to the Plaintiff advising the Plaintiff that he provided the Defendant with a bad check and demanded payment on the check. The funds the subject of the bad-check letter were the

unauthorized funds withdrawn from the Plaintiff's bank account. A true and correct copy of the December 8, 2008 correspondence is attached hereto and incorporated herein as Exhibit "C," redacted per local rule.

20. To date, Defendant has not provided the Plaintiff with a check or a reverse electronic funds transfer to reimburse him for the unauthorized withdrawal of funds from his bank account.

21. To date, Defendant has not filed suit against the Plaintiff.

22. As a result of Defendant's acts, Plaintiff has endured extreme stress, humiliation, embarrassment and a loss of privacy.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats the allegations contained above as if the same were herein set forth at length.

24. Based on the above allegations, Defendant violated the FDCPA in the following manner:

    a. By engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of FDCPA, 15 U.S.C. §1692d;

    b. By the use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person in violation of FDCPA, 15 U.S.C. §1692d(1);

    c. By the use of false, deceptive, or misleading representation or means in connection with the collection of any debt in violation of FDCPA, 15 U.S.C. §1692e;

d. By the threat to take any action that cannot legally be taken or is not intended to be taken in violation of FDCPA, 15 U.S.C. §1692e(5);

e. By the false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer in violation of FDCPA, 15 U.S.C. §1692e(7);

f. By the use of any false representation or deceptive means to collect or attempt to collect any debt in violation of FDCPA, 15 U.S.C. §1692e(10);

g. By using unfair or unconscionable means to collect or attempt to collect a debt in violation of FDCPA, 15 U.S.C. §1692f;

h. By the acceptance of a check postdated by more than five days in violation of FDCPA, 15 U.S.C. §1692f(2); and

i. By the solicitation of a postdated check for the purpose of threatening or instituting criminal prosecution in violation of FDCPA, 15 U.S.C. §1692e(3).

25. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff Larry Herring demands judgment against Defendant for:

(a) Damages;

(b) Attorney's fees and costs; and

(c) Such other and further relief as the Court shall deem just and proper.

9

## V.  DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

|  |  |
|---|---|
|  | **LAW OFFICE OF STEPHEN M. OTTO, LLC** |
| Date: January 13, 2009 | By:  /s/Amy B. Good-Ashman<br>**Amy B. Good-Ashman**<br>Attorney ID #203427<br>406 Broad Street, Suite 270<br>Sewickley, PA  15143<br>Phone:  412-741-1200<br>Fax:  412-291-1012<br>Email:  amy@sottolaw.com<br>Attorneys for Plaintiff |